Judgment, Supreme Court, New York County (Jeffrey K. Oing, J.), entered April 3, 2013, in plaintiffs’ favor, unanimously *476 affirmed, with costs. Appeal from order, same court and Justice, entered March 18, 2013, which granted plaintiffs’ motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The deposition testimony of defendant Claudio GarciaChamorro establishes prima facie that he and the corporate defendants are liable for the underlying judgment, entered April 16, 2008, in plaintiffs’ favor against CGC Works, Inc., on theories of piercing the corporate veil, corporate successor liability, and fraudulent conveyance (see e.g. Cobalt Partners, L.P. v GSC Capital Corp., 97 AD3d 35, 40 [1st Dept 2012]; Schumacher v Richards Shear Co., 59 NY2d 239, 244-245 [1983]). Defendants failed to raise an issue of fact in opposition, and were in any event precluded from doing so, as a sanction imposed in a prior order for the wilful failure to provide discovery. GarciaChamorro testified that he was the sole owner and officer of all three corporations, that he transferred assets between the corporations for no value, and that all three corporate businesses were operated out of his personal residence. He acknowledged that he had destroyed the corporate records of CGC Works about a year before his deposition and that he stopped doing construction work for CGC Works and transferred its assets, for no value, to defendant CGC Woodworks, Inc. The record shows that the destruction of CGC Works’ records followed the grant to plaintiffs of the arbitration award against CGC Works upon which the underlying judgment was entered.
We have considered defendants’ remaining arguments and find them unavailing. Concur — Freedman, J.P., Richter, Feinman and Gische, JJ.